UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL T. MIDGLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-13-1941 |
| | : | |
| ROBERT McMILLIAN, et al., | : | (Judge Kosik) |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiff Michael T. Midgley filed this civil rights action pursuant to 42 U.S.C. § 1983 setting forth claims of inadequate medical care in violation of the Eighth Amendment. He names five (5) medical defendants (Edward Zaloga, D.O, Correctional Care, Inc., Judith Flynn, LPN, Tony Iannuzzi, CRNP and Kenneth McCawley, RN) and (2) county defendant Robert McMillian, Warden at the Lackawanna County Prison at the relevant time. Pending before the court is the Medical Defendants' motion for sanctions (Doc. 75). For the reasons that follow, the motion will be denied. However, Plaintiff will be directed to respond to the outstanding discovery requests.

**I.   Background**

A motion to dismiss the complaint filed by the Medical Defendants has been

denied (Docs. 39, 42) and they filed an answer to the complaint on September 30, 2014.  (Doc. 45.)  A scheduling order was issued on October 2, 2014, directing that all discovery be completed by November 1, 2014, with dispositive motions due by December 1, 2014.  (Doc. 47.)  Thereafter, a fourth motion for counsel filed by Plaintiff was denied, and Medical Defendants were given fourteen (14) days to respond to a motion to compel discovery that Plaintiff had filed.  (Doc. 53.)  The motion was filed with respect to interrogatories and a request for production of documents Plaintiff alleged he served on Defendants.  Because the Medical Defendants did not respond, an order was issued directing them to show cause as to why they failed to respond to the court's order.  The Clerk of Court was also directed to strike discovery requests from the record that Plaintiff had filed with the court.  (Doc. 56.)

On August 7, 2015, the Medical Defendants responded to the court's order stating that the responses to discovery had been served on Plaintiff, and therefore the pending motion to compel was moot.  Attached to the response was a Certificate of Service dated August 7, 2015, indicating that the responses were served on Plaintiff at the State Correctional Institution at Retreat ("SCI- Retreat").  (Docs. 57, 58.)  Based on the foregoing, an order was issued by the court on August 10, 2015, directing Plaintiff to advise the court within ten (10) days if he received Defendants'

responses to the discovery requests. (Doc. 60.) During this time, Defendant McMillian had been granted additional time within which to respond to Plaintiff's discovery requests.

On January 4, 2016, the Medical Defendants filed a motion seeking to compel Plaintiff to file responses to their discovery requests. (Doc. 65.) Approximately a week later, all Defendants jointly moved to conduct the deposition of Plaintiff, which was granted by the court. (Doc. 68.) Although Plaintiff opposed the Medical Defendants motion to compel discovery, an order was issued on May 3, 2016, granting Defendants motion, but directing them to provide Plaintiff with another copy of the discovery requests within ten (10) days, and giving Plaintiff twenty (20) days from his receipt of the discovery requests, to respond. (Doc. 72.) Plaintiff was also directed to file a Certificate of Service with the court evidencing his service of the responses on the Medical Defendants. It is important to note that the docket reveals that this order was returned to the court as undeliverable, and apparently never made it to Plaintiff. (Doc. 74.) The docket reveals that the order was served on Plaintiff at SCI-Retreat, but returned noting "RTS: left Jul 2015 Forwarding Time Expired." (Id.)

In looking back at the filings on the docket, Plaintiff at some point left SCI-Retreat, because in his opposition to Medical Defendants motion to compel, he

3

attaches a letter to the Clerk of Court stating that he is at the Lackawanna County Prison, and does not have his legal materials. (Doc. 70 at 5.) This document was not labeled as a change of address and therefore, was never noted on the docket. Plaintiff further states that he has provided Defendants with his discovery responses. (Doc. 70.) Defendants dispute this, and there is no evidence that Plaintiff has done so.

On June 3, 2016, Medical Defendants filed a motion for sanctions (Doc. 75) that is pending before the court at this time. In the motion, Medical Defendants claim that Plaintiff has failed to comply with the court's order of May 3, 2016 (Doc. 72). They seek to prevent Plaintiff from presenting any evidence supporting his medical negligence claim and/or Eighth Amendment violation claims. They further seek an order dismissing Plaintiff's action, in its entirety, for failure to comply with the court's order of May 3, 2016. A certificate of service was filed by Medical Defendants indicating that the motion and supporting brief were served on Plaintiff at the following address: 321 Christ Court, Scranton, PA 18504. As an exhibit to the motion, Defendants attach a letter sent to Plaintiff at the above address, directing Plaintiff's attention to the court order of May 3, 2016, and again enclosing Defendants' discovery requests in this case. (Doc. 78 at 38.) Plaintiff is asked to respond to the requests within twenty (20) days by counsel for Medical Defendants.

Plaintiff does file an opposition to the pending motion for sanctions. (Doc. 80.)

The address for Plaintiff on this document is the 321 Christ Court in Scranton, PA. (Id. at 3.)  This was filed on July 5, 2016.  On the same date, Plaintiff filed a change of address with the court, indicating that his address is to be changed on the docket to the Christ Court address.  (Doc. 81.)

**II.    Discussion**

The court is faced with a motion wherein Medical Defendants state they have not received discovery responses, but Plaintiff claims he has sent responses quite a while ago to Defendants with respect to their interrogatories.  Plaintiff admits that he has never responded to the Request for Production of Documents, because he attempted to do so but was unable to get the relevant documents from the Lackawanna County Prison and the state institution.  In fact, Plaintiff claims that he has personally delivered his discovery responses to the office of counsel for Defendants.  He claims that he has not ignored court orders, and that he never received the court orders referenced by Defendants.

In his opposition, Plaintiff states he was released from state prison on or about July 25, 2015, and personally went to the courthouse to inform the Clerk of his release and new address.  This was not noted on the docket.  He states that on October 7, 2015, he was returned to prison and confined at the Lackawanna County Prison.

Plaintiff's filing of February 5, 2016, advised the court of this address change in a letter attached to his motion, but it was never labeled as an address change and noted on the docket. The court also notes that no address change was received between October 7, 2015 and February 5, 2016.

It is also clear that Plaintiff never received the May 3, 2016 order from the court in that it was mailed to Plaintiff at SCI-Retreat, and returned to the court as undeliverable. (Doc. 74.) This was the order wherein the Medical Defendants motion to compel was granted, but they were directed to provide Plaintiff with another copy of their discovery requests so that he could provide answers thereto. (Doc. 72.) According to the docket, this order was never re-mailed to Plaintiff.

While it is true that Plaintiff may not have received some of the orders issued by the court and that his change of address submitted with respect to the Lackawanna County Prison was not noted, it is also true that Plaintiff is aware of Defendants' attempt to obtain responses to their discovery and has not been vigilant in advising the court of his current whereabouts. It also appears that Defendants became aware of Plaintiff's most recent address prior to the court being advised of such, and knew Plaintiff had been transferred to Lackawanna County Prison, as that is where the deposition took place on February 17, 2016. However, Defendants also served Plaintiff with the discovery requests again in May of 2016, at his present address, and

therefore he is certainly aware of them.  (Doc. 78 at 38.)  Further, while Plaintiff may feel he is not responsible for answering any interrogatory questions that were covered during the deposition, he is mistaken.

While the court is not inclined to issue sanctions pursuant to Fed. R. Civ. P. 37(b)(2) under the present circumstances, Plaintiff will be required to submit/ re-submit to Defendants, his responses to their discovery requests within twenty (20) days.  He will also be required to submit a Certificate of Service to the court evidencing his service of the responses on Defendants.  These discovery requests were originally submitted to Plaintiff on October 6, 2014, and are attached to Defendants' Motion for Sanctions.  (See Doc. 78, Ex. C.)  Although Plaintiff claims he submitted them, Defendants state they do not have them.  If Plaintiff fails to respond to the discovery requests, the court will revisit the issue of sanctions, upon a proper motion filed by Defendants, and may preclude Plaintiff from presenting evidence in support of his claims.  If Plaintiff responds to the discovery requests, but provides unsatisfactory responses, then the Medical Defendants can file the appropriate motion to compel responses.

Plaintiff is reminded of the necessity of keeping the court apprised of his current whereabouts.  This was spelled out to the Plaintiff in the beginning of this action in the Standing Practice Order issued on July 18, 2013.  (Doc. 3.)  The court

specifically directs Plaintiff's attention to page 4 that discusses address changes.  (Id. at 4.)   An appropriate order follows.